U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 1 7 2008

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| NOLAND J. HAMMOND AND COURTNEY JONES | CIVIL ACTION NO. 08-259 |
| versus | JUDGE TRIMBLE |
| CHARLES PLATTSMIER, ET AL | MAGISTRATE JUDGE KIRK |

### AMENDED MEMORANDUM RULING

The following amendment to the court's prior ruling serves only to correct the court's erroneous spelling of Judge Mark Jeansonne's name.  The court regrets the error and hereby amends the prior ruling as follows.

Before the court is a motion to dismiss plaintiffs' claims [R. 9] filed by defendant Judge Mark Jeansonne (hereinafter "Judge Jeansonne").[1]  For the reasons expressed herein, the court finds that this motion should be GRANTED and, accordingly, that all claims by plaintiffs Noland Hammond (hereinafter "Hammond") and Courtney Jones (hereinafter "Jones") (collectively herein "Plaintiffs") against Judge Jeansonne should be DISMISSED with or without prejudice, as is appropriate in each instance.

---

[1]Judge Jeansonne is a sitting judge in the Louisiana Twelfth Judicial District for the Parish of Avoylles.

1

## I.      Background

Judge Jeansonne filed the instant motion on March 7, 2008 using the CM/ECF system and served copies of the motion on Hammond and Jones as appropriate given these plaintiffs' status as non-CM/ECF participants.  Plaintiffs appear pro se in this matter and elected to receive correspondence related to this suit at a post office drawer and a street address, respectively.  This motion was placed on the court's April 9, 2008 motion day calendar and notice was sent to all parties providing all applicable delays for the filing of briefs in opposition and reply.[2]  After the lapse of plaintiffs' delay for the filing of briefs in opposition to this motion, when the court became aware that plaintiff had filed no such opposition, court staff contacted Hammond and instructed him that his delays had expired and that leave of court would now be necessary if he wished to file in opposition to Judge Jeansonne's motion.  Hammond asserted that he would seek leave and an extension of time to file and, in fact, did attempt such filing on March 31, 2008.[3]  This filing was deficient because it did not conform to local court rules requiring the inclusion of a statement of consent with any ex parte motion.[4]  Notice of this deficiency was mailed to plaintiffs at their designated addresses.

The record indicates that no further attempt has been made to correct this deficiency and, further, no opposition has been filed to the instant motion.  Thus, we deem this motion to be unopposed.

### **Applicable Standard**

_____

[2]R. 11.

[3]R. 24.

[4]R. 25.

2

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint when it fails to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion, the court must accept the factual allegations of the complaint as true for the purposes of that motion and must resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff.[5] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations..."[6] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[7] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[8]

## II.   Analysis

Defendant's motion asserts that this court lacks jurisdiction over plaintiffs' claims against him because a reading of plaintiffs' complaint discloses that the claims against defendant are no more than a collateral attack on several state court rulings in an ongoing criminal case.[9] The motion further asserts that, to the extent that plaintiffs' complaint is construed to state a claim

---

[5]Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Fernandez-Montez v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

[6]Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[7]Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[8]Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[9]Memorandum in support of motion [R. 9] at p. 5.

3

against Judge Jeansonne in either his individual or official capacities under 42 U.S.C. § 1983, such claims must also be dismissed because he was acting in his official capacity and state court judges are not "persons" within the meaning of § 1983.  Finally, defendant's motion asserts that Judge Jeansonne is entitled to judicial immunity from plaintiffs' claims because plaintiffs' claims involve his rulings in state court, a wholly judicial function, for which he can sustain no personal liability in this civil suit.

### Subject-Matter Jurisdiction

Plaintiffs' complaint alleges that Judge Jeansonne denied various motions filed by Hammond in an effort to intentionally deprive him of his due process rights and, further, made remarks and comments which defamed his character in the course of the adjudication of these motions.[10]

Taking these allegations as true, the court finds that plaintiffs' complaint seeks to challenge the propriety of certain state court rulings.  It is well established that complaints about the constitutionality of a state court ruling may not be collaterally attacked by filing a complaint in federal district court.[11]  Plaintiff may only attack the constitutionality of Judge Jeansonne's rulings in a judicial proceeding by appealing such rulings to the proper state appellate court and, if necessary, to the United States Supreme Court, which is the only federal court with subject matter jurisdiction to review final state high court rulings.[12]  Accordingly, this court lacks

---

[10]Complaint at ¶ 11(D).

[11]District of Columbia Court of Appeals v. Feldman, 103 S.Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 44 S.Ct. 149 (1923); Union Planters Bank Nat. Ass'n v. Smith, 369 F.3d 457 (5th Cir. 2004).

[12]28 U.S.C. § 1257.

4

jurisdiction over plaintiffs' claims concerning the constitutionality of Judge Jeansonne's prior state court rulings.  Such claims shall be DISMISSED without prejudice, leaving plaintiff free to pursue an appeal of such prior rulings in the proper state appellate court.

### 42 U.S.C. § 1983

To the extent that plaintiffs' complaint asserts claims against Judge Jeansonne under 42 U.S.C. § 1983 on basis of "color, race, sexual orientation and the petitioner not being Caucasian,"[13] this court finds that Judge Jeansonne is not a "person" within the meaning of that statute.  Plaintiffs' complaint alleges, as above, discrimination in the form of adverse state court rulings.  Given the judicial nature of these alleged wrongs, the court construes such allegations as made against defendant in his official capacity.  42 U.S.C. § 1983 does not provide a cause of action against a state official for damages.[14]  Plaintiffs' complaint clearly seeks monetary damages.[15]  Accordingly, to the extent that plaintiffs' complaint seeks monetary damages against Judge Jeansonne in his official capacity as a state court judge, such claims shall be DISMISSED with prejudice as no such remedy is available under § 1983.

### Judicial Immunity

42 U.S.C. § 1983 does provide recovery of damages in suits naming state officials as defendants in their individual capacities.[16]  As above, we construe plaintiffs' allegations as against Judge Jeansonne in his official capacity, given that they complain of state court rulings.

---

[13]Complaint at ¶ 11(D).

[14]Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

[15]Id., at ¶ 12.

[16]Papasan v. Allain, 478 U.S. 265 (1986).

Assuming, arguendo, that this court were to construe plaintiffs' allegations as against Judge Jeansonne in his individual capacity, this court would dismiss these claims on the basis of judicial immunity from suit.  Louisiana state court judges, such as the instant defendant, enjoy judicial immunity from suit (rather than from the mere imposition of damages) while engaged in judicial functions which fall within that judge's jurisdiction.[17]  The court finds that plaintiffs' complaint clearly alleges wrongs committed in the course of a clear judicial process: a criminal suit.  Judge Jeansonne's rulings (as well as his written and oral reasons therefor) are wholly judicial acts and clearly fall within the purview of the 12th JDC as a proper forum for the adjudication of criminal matters.  Accordingly, to the extent that plaintiffs' complaint states claims against the defendant in his individual capacity, such claims shall be DISMISSED with prejudice.

## III.    Conclusion

This court finds that it lacks subject matter jurisdiction over those claims which allege constitutional violations within prior state court rulings and further finds that plaintiffs' complaint fails to state claims upon which relief may be granted under 42 U.S.C. § 1983, whether made against Judge Jeansonne individually or in his official capacity.  Taking plaintiffs' allegations as true for the purposes of this motion, the court is satisfied that plaintiffs can prove no set of facts which would entitle them to relief under this statute.

Accordingly, this court finds that all claims by plaintiffs, whether at state or federal law,

---

[17]Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435, U.S. 349 (1978); Moore v. Taylor, 541 So.2d 378 (La. App. 2 Cir. 1989), citing Killeen v. Boland, Gschwind Co., 157 La. 566 (1924) and Cleveland v. State, 380 So.2d 105 (La. App. 1 Cir. 1979).

should be DISMISSED.  Plaintiff retains all rights, however, to pursue appropriate state court appellate process as to any rulings which are final and appealable.

Alexandria, Louisiana
April 17, 2008

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE

7