U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| NOLAND J. HAMMOND AND COURTNEY JONES | CIVIL ACTION NO. 08-259 |
| versus | JUDGE TRIMBLE |
| CHARLES PLATTSMIER, ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion, filed by defendants Charles Plattsmier (hereinafter "Plattsmier") and Julie White (hereinafter "White"), to dismiss all claims against them by plaintiff Noland Hammond (hereinafter "Hammond").[1] For the reasons expressed below, the court finds that defendants' motion should be GRANTED as to all claims against them in their official capacity and accordingly that all claims by Hammond against Plattsmier and White should be DISMISSED with with or without prejudice as appropriate in each instance.

I.  BACKGROUND

A.  Relevant Facts

Hammond, along with co-plaintiff Courtney Jones (hereinafter "Jones"), filed suit against multiple defendants, including Plattsmier and White, on February 25, 2008 alleging violations of their civil rights under 28 U.S.C. § 1983, the First and Fourteenth Amendments to the Constitution of the United States of America and "trans gender in the work place statute of the

---

[1] R. 19.

U.S."[2] Plaintiffs amended this complaint on March 26, 2008, adding defendants XYZ Liability Insurance Carrier Companies and XYZ Parish Police Jury and/or City or State Government entity and asserting causes of action under 42 U.S.C. § 1981.[3] The court has examined plaintiffs' complaints and will construe the pleadings as asserting causes of action under 42 U.S.C.A. §§ 1981, 1983 and the First and Fourteenth Amendments to the Constitution of the United States of America. Plaintiffs' reference to 28 U.S.C. § 1983 is erroneous, as such statute does not exist or provide a right of action for violations of federal civil rights. Additionally, plaintiffs' reference to a "trans gender in the work place statute of the U.S." is construed by this court as asserting a cause of action under 42 U.S.C. § 2000e-2(a)(1), which prohibits "employers" from discriminating against persons on the basis of race, color, religion, sex or national origin.

Plaintiff Hammond was an attorney licensed to practice law in Louisiana and plaintiff Jones was a sixteen year old "unpaid student worker" at his law office when it is alleged that Hammond visited two inmate clients at Bunkie Detention Center and, during the course of such meeting, videotaped Jones engaging in a sex act involving these inmate clients.[4] Hammond and Jones were both indicted by an Avoyelles Parish grand jury on two counts of public obscenity in 2004 and 2005, respectively.[5] Hammond was suspended from the practice of law on

---

[2]Complaint [R. 1] at ¶ 3.

[3]Amended complaint [R. 23].

[4]R. 1 at ¶ 11(C).

[5]Id., at ¶ 9(A).

December 22, 2005 and remains in this status today.[6] Hammond asserts that because neither he, nor Jones was ever criminally prosecuted for public obscenity following their indictments, his suspension from the practice of law is a violation of Louisiana Supreme Court Rule 19 (hereinafter "Rule 19") governing the Louisiana Attorney Disciplinary Board (hereinafter "LADB"). Hammond also asserts that Plattsmier and White have violated Rule 19 by failing to provide him with hearings on the ethics complaints against him in their official capacities and by disclosing certain confidential disciplinary information to third parties in their official and individual capacities. Hammond alleges the decision by Plattsmier and White as disciplinary counsel to pursue suspension of his law license constitutes disparate treatment based on both race and sexual orientation in violation of his civil rights.

Plaintiff Jones seems to assert causes of action only against defendants Riddle, Kelly, McKay and Jeansonne related to her indictment and the failure of the District Attorney to prosecute her according to these charges. Since the court is not cognizant of any claims by Jones against Plattsmier and White, we construe defendants' motion as a motion to dismiss claims by Hammond only.

Plaintiffs, by virtue of their pro se status, were served with copies of the motion now before us on March 26, 2008 via U.S. Mail because of their status as non-CM/ECF users.[7] This motion was set for hearing before the undersigned with notice to all parties on March 27, 2008.[8] Per this court's local rules, plaintiffs were provided fifteen (15) days in which to file any

---

[6]Id.

[7]Motion [R. 19-1] at p. 3.

[8]Notice of motion setting [R. 21].

3

opposition to defendants' motion to dismiss.[9] The court calculates that such opposition would have been due on April 14, 2008. The record shows that plaintiffs did not respond in opposition and have filed no request for extension of time in which to file an opposition to this motion. Accordingly, the court will treat this motion as unopposed.

Defendants' motion seeks dismissal of all claims by Hammond against them on the basis that these claims are barred by the Eleventh Amendment to the Constitution of the United States (hereinafter "Eleventh Amendment") and the Rooker-Feldman doctrine. Defendants' motion also asserts that they are entitled to absolute prosecutorial immunity as to all claims against them in their official capacities and qualified immunity as to all claims against them in their individual capacities. Finally, defendants seek dismissal of all claims against them under 42 U.S.C. § 1983 on the basis that they are not "persons" as contemplated by that statute.

B.   **Applicable Standard**

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint when it fails to state a claim upon which relief may be granted. The court will grant dismissal of claims under Rule 12(b)(6) only when it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.[10] When considering a Rule 12(b)(6) motion, the court must accept the factual allegations of the complaint as true for the purposes of that motion and must resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff.[11] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere

---

[9] LR7.5W.

[10] Conley v. Gibson, 355 U.S. 41 (1957).

[11] Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Fernandez-Montez v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

4

conclusory allegations..."[12] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[13] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[14]

## II. ANALYSIS

### Does the Eleventh Amendment foreclose federal jurisdiction over plaintiff's claims against Plattsmier and White in their official capacities?

Defendants urge dismissal of all claims by plaintiff against them in their official capacities on the basis that this court lacks subject matter jurisdiction over such claims under the Eleventh Amendment.

The Eleventh Amendment protects the sovereign immunity of states by preserving unto them jurisdiction over all suits against them by their own citizens for enforcement of state law, except where the state expressly consents to suit.[15] It is well-established that suits against state officials in their official capacities are considered suits against the state itself.[16]

The court has examined the law and argument advanced by defendants and agrees that the LADB is an "arm of the state"[17] and, thus, any suit against LADB officials acting their official

---

[12]Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[13]Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[14]Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[15]Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984), citing Hans v. Louisiana, 134 U.S. 1 (1890).

[16]Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

[17]Forman v. Ours, 804 F. Supp. 864, 868 (E.D. La. 1992), affirmed, 996 F. 2d 306 (5th Cir. 1993).

capacities should be considered a suit against the State of Louisiana. We also find that Louisiana is a real party in interest[18] under the reasoning of Pennhurst because any remedy provided by this court against Plattsmier and White in their official capacities would necessarily interfere with the "original exclusive" jurisdiction of the Supreme Court of Louisiana over all disciplinary matters concerning members of its state bar and would, thus, operate as a sanction against the State of Louisiana.

Given these findings, the court finds that it lacks subject matter jurisdiction over all claims by Hammond against Plattsmier and White in their official capacities pursuant to the Eleventh Amendment. All such claims shall be dismissed without prejudice.

### Does plaintiff's complaint sufficiently state a cause of action for violation of his right to confidentiality under the Fourteenth Amendment so as to make dismissal improper?

Defendants aver that, to the extent Hammond's complaint asserts claims against them for violation of the Fourteenth Amendment's protection against disclosure of confidential information, such claims should not survive because they do not rise to the level of constitutionally protected disclosures and, thus, are state law claims over which this court has no jurisdiction under the Eleventh Amendment. Defendants argue that any disclosures by them in their official capacities are "de minimus" and therefore insufficient to transform what would normally be a state tort law claim into a constitutional claim invoking the jurisdiction of the federal courts.

The confidentiality branch of the right to due process guaranteed by the Fourteenth Amendment protects individuals' interests in preventing government disclosure of certain

---

[18] Id., at 101, quoting Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459 (1945).

personal information.[19] As noted by defendants, the jurisprudence offers no bright line test to determine what does and does not amount to a Fourteenth Amendment claim.

Defendants refer us to Zaffuto v. City of Hammond[20] as authority for their argument that the disclosures alleged by Hammond should be dismissed as state law claims, citing the Fifth Circuit's caution against "trivializing the Fourteenth Amendment by making it a magnet for all claims involving personal information, state officers, and unfortunate indignities". Defendants' citation is in error as the Fifth Circuit was merely quoting language from the Ninth Circuit case of Davis III v. Bucher[21] in which that court distinguished the actions of a correctional officer in posting nude photos of an inmate's wife from what it considered more egregious disclosures in Fadjo v. Coon,[22] a case in which the Fifth Circuit held that plaintiff had properly asserted a claim for unconstitutional invasion of privacy under the Fourteenth Amendment. In so holding, the Fifth Circuit characterized the disclosures in Fadjo as "concerning 'the most private details of [Fadjo's] life.'"[23]

The Fifth Circuit also found similarly egregious disclosures by state officials in American Civil Liberties Union v. Mississippi,[24] holding that allegations of "homosexuality,

---

[19]Zaffuto v. City of Hammond, 308 F.3d 485 (5th Cir. 2002), citing Whalen v. Roe, 429 U.S. 589, 598 n. 23, 599 (1977).

[20]308 F.3d 485 (2002).

[21]853 F.2d 718 (9th Cir. 1988).

[22]633 F.2d 1172 (5th Cir. Unit B Jan. 1981).

[23]Id., at 1174.

[24]911 F.2d 1066 (5th Cir. 1990).

child molestation, illegitimate births, and sexual promiscuity"[25] were of the sort of intensely personal matters which deserve constitutional protection.

In the case sub judice, Hammond claims that state officials Plattsmier and White, acting in their official capacities, disclosed details concerning his alleged videotaping of a sex act between his student worker and several inmate clients and further embarrassed him by disclosing the pendency of several ethics complaints against him. Recalling the jurisprudence above, Hammond's allegations clearly rise to the level of constitutionally protected private information, as they contain very personal and sensational allegations against him. Accordingly, we find that Hammond's complaint does state a cause of action under the Fourteenth Amendment for unconstitutional invasion of privacy.

### Are defendants entitled to absolute prosecutorial immunity for official capacity Fourteenth Amendment and § 1983 claims?

Defendants assert that, to the extent that Hammond's complaint states claims against them for violation of his Fourteenth Amendment right to privacy and for disparate treatment under 42 U.S.C. § 1983, they are entitled to absolute prosecutorial immunity from these claims.

Prosecutors are absolutely immune from liability under § 1983 for "initiating a prosecution and in presenting the State's case" because those actions are "intimately associated with the judicial phase of the criminal process."[26] Section 12 of Rule 19 also provides that disciplinary counsel "shall be immune from suit for any conduct in the course of their official duties or reasonably related to their official duties."

---

[25]Id., at 1070.

[26]Burns v. Reed, 500 U.S. 478 (1991), quoting Imbler v. Pachtman, 424 U.S. 409 (1976).

Hammond's complaint is, at best, vague in its establishment of claims. To the extent that Hammond's complaint advances claims against Plattsmier and White for their investigation and prosecution of ethical complaints against him and the eventual suspension of his law license, the court finds that these actions are integral to defendants' role as disciplinary counsel for the LADB, an arm of the state. Accordingly, we find that Plattsmier and White are entitled to absolute prosecutorial immunity from all such claims.

Although we have already found that Hammond's complaint adequately states a cause of action for violation of his Fourteenth Amendment right to privacy sufficient to stave off dismissal, we find that, given the absolute immunity from these claims to which defendants are entitled, all such claims must be dismissed with prejudice.

The court also notes that it agrees with defendants that, given their status as state officials, they are not "persons" as contemplated by § 1983 and, for this additional reason, all such claims against them in their official capacities under this statue must be dismissed.[27]

### Are defendants entitled to qualified immunity as to Hammond's claims against them in their individual capacities?

Defendants assert that, to the extent that Hammond's complaint asserts claims against them for disclosure of confidential information in their individual capacities, they are entitled to qualified immunity in this case. The court agrees.

Qualified immunity shields government officials from civil liability based on discretionary functions when the conduct at issue does not violate clearly established statutory

---

[27]Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (state officials acting in their official capacities are not "persons" under 42 U.S.C. § 1983).

or constitutional rights of which a reasonable person would have known.[28] Plaintiffs asserting claims against government officials under 42 U.S.C. § 1983 must assert such claims with heightened particularity.[29] Plaintiffs need not anticipate the affirmative defense of qualified immunity in their complaints, but should, upon assertion of the defense, provide a tailored reply setting forth facts and allegations sufficient to rebut the defense.[30]

The court has examined Hammond's complaint and the amendment thereto and finds that the complaint is wholly conclusory, alleging violation of his civil rights, but not alleging any facts sufficient to support such claims. We note, again, that Hammond has not availed himself of any responsive filings and has not filed any motions for extension of time in order that he may participate in motion practice in his case. Given Hammond's former status as a licensed attorney, we are puzzled by this seeming indifference.

Accepting all the allegations of Hammond's complaint as true for the purposes of this Rule 12(b)(6) motion, the court cannot construe the vague assertions therein as misconduct outside the context of defedants' jobs as government officials, especially in light of the investigatory authority conferred on disciplinary counsel by Rule 19. Accordingly, to the extent that Hammond's complaint alleges wrongdoing by defendants in their individual capacities, all such claims shall be dismissed with prejudice.

**Should Hammond's clams under 42 U.S.C.A. 2000e-2 be dismissed?**

The court broadly construes Hammond's complaint as asserting a claim for violation of

---

[28]Harlow v. Fitzgerald, 457 U.S. 800 (1982), citing Procunier v. Navarette, 434 U.S. 555, 565 (1978), Wood v. Strickland, 420 U.S. 308, 322 (1975).

[29]Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).

[30]Id., 385 F.3d at 529; Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).

his civil rights under 42 U.S.C. 2000e-2 based on his mention of "trans gender in the work place statute of the U.S."[31] None of the defendants against whom Hammond brings suit are his "employer" within the meaning of that statute, nor does he allege that they are. To the extent that Hammond's complaint alleges a violation of this statute by defendants, the court finds that such claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

The court has carefully reviewed plaintiff's complaint as well as the motion to dismiss filed by defendants. Accepting as true all allegations of plaintiff's complaint, we find that all claims against defendants in their official capacities must be dismissed because, as to state law claims, such claims are barred by the Eleventh Amendment and, as to federal law claims, defendants are entitled to absolute prosecutorial immunity. Moreover, the court finds that defendants are entitled to qualified immunity from all claims against them in their individual capacities. The court also finds that defendants are not "persons" within the meaning of 42 U.S.C. § 1983 and, further, are not "employers" within the meaning of 42 U.S.C. § 2000e-2.

Accordingly, the court will issue a judgment granting defendants' motion to dismiss.

Alexandria, Louisiana
J∪NE ~~May~~ _2_, 2008

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[31]R. 1 at ¶ 3.