U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN - 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

---

| | |
|---|---|
| **NOLAND J. HAMMOND AND COURTNEY JONES** | **CIVIL ACTION NO. 08-259** |
| **versus** | **JUDGE TRIMBLE** |
| **CHARLES PLATTSMIER, ET AL** | **MAGISTRATE JUDGE KIRK** |

---

### MEMORANDUM RULING

Before the court is a motion to dismiss [R. 26] pursuant to Fed. R. Civ. P. 12 (b)(6) filed by defendants Avoyelles Parish District Attorney Charles A. Riddle, III (hereinafter "Riddle"), Assistant District Attorney Michael F. Kelly (hereinafter "Kelly") and Assistant District Attorney Daniel B. McKay (hereinafter "McKay") (hereinafter collectively "Defendants"). Defendants' motion seeks dismissal of all claims against them on various bases. For the reasons expressed below, this court finds that defendants' motion should be GRANTED and that all claims against them should be DISMISSED with prejudice.

I.     **BACKGROUND**

A.     **Relevant Facts**

Plaintiffs Noland J. Hammond (hereinafter "Hammond") and Courtney Jones (hereinafter "Jones") (herein collectively "Plaintiffs") filed the instant suit on February 25, 2008 alleging violations of their civil rights under 42 U.S.C. § 1983, the First and Fourteenth Amendments to the Constitution of the United States of America (hereinafter "First Amendment," "Fourteenth

1

Amendment," "U.S. Constitution") and various statutes.  Plaintiffs amended their complaint on March 26, 2008, adding defendants XYZ Liability Insurance Carrier Companies and XYZ Parish Police Jury and/or City or State Government entity and asserting causes of action under 42 U.S.C. § 1981.[1]  As we have previously noted, plaintiffs mistakenly cited 42 U.S.C. § 1983 instead of 28 U.S.C. § 1983 and the court construes plaintiffs' claims under the latter statute. Further, we construe plaintiff Hammond's claims[2] under the trans gender in the workplace statute as being asserted under 42 U.S.C. § 2000e-2(a).

Plaintiff Hammond was an attorney licensed to practice law in Louisiana and plaintiff Jones was a sixteen year old "unpaid student worker" at his law office when it is alleged that Hammond visited two inmate clients at Bunkie Detention Center and, during the course of such meeting, videotaped Jones engaging in a sex act involving these inmate clients.[3]  Hammond and Jones were both indicted by an Avoyelles Parish grand jury on two counts of public obscenity in 2004 and 2005, respectively.[4]  Hammond was suspended from the practice of law on December 22, 2005 and remains in this status today.[5]  As of the date of this ruling, neither Hammond, nor Jones has been tried on obscenity charges[6] and criminal investigation into this

---

[1]Amended complaint [R. 23].

[2]Although, as the court will discuss herein, plaintiffs fails to designate expressly which of them is actually asserting a claim as a trans gender person under 42 U.S.C. § 2000-2(a)(1), the court construes such claim as pertaining only to plaintiff Hammond, based on our review of the complaint.

[3]R. 1 at ¶ 11(C).

[4]Id., at ¶ 9(A).

[5]Id.

[6]Memorandum in support of motion [R. 26-2] at p. 2.

2

matter is ongoing.

Two motions to dismiss, filed by defendants Jeansonne[7], Plattsmier and White[8], have previously been granted by this court.  As was true for those prior motions, plaintiffs have not filed in opposition to the motion now before us, nor have they filed a motion for extension of time to file such opposition.  Accordingly, we will treat the instant motion as unopposed.

### B.    Applicable Standard

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint when it fails to state a claim upon which relief may be granted.  In determining whether the complaint at issue fails to state such a claim, the district court must assume the truth of all well-pleaded facts and view the complaint in the light most favorable to the non-moving party.[9]

Fed. R. Civ. P. 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief..."  Given the defenses of qualified and absolute immunity which are available to government officials, plaintiffs alleging civil rights violations against such defendants must conform to a heightened pleading requirement, pleading facts with particularity which demonstrates more than a speculative right to relief.[10]  Mere conclusions of law pled as facts are insufficient to save a complaint from dismissal under Rule 12(b)(6).[11]

_____

[7]R. 9.

[8]R. 19.

[9]Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996); McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992).

[10]Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985).

[11]Papasan v. Allain, 478 U.S. 265 (1986).

## II.    Analysis

Heightened Pleading Requirement

When the defense of immunity, either absolute or qualified, may be asserted by a defendant to a civil rights action, plaintiff's complaint must allege specific facts which demonstrate that defendants are not entitled to assert such defense.[12]

Defendants are district and assistant district attorneys.  In Imbler v. Pachtman,[13] cited by defendants, the United States Supreme Court affirmed the rulings of the district and appellate courts and found that a state prosecuting attorney who was acting within the scope of his duties during criminal prosecution is absolutely immune from civil liability under 42 U.S.C. § 1983. Although, as discussed below, we find plaintiffs' allegations vague, the court views plaintiffs' claims as relating solely to actions within the scope of defendants' duties as state prosecutors: the institution of criminal charges against the accused,[14] presentation of the state's case in court,[15] plea bargaining[16] and case management.[17]   Under the reasoning of Imbler, defendants are clearly the sort of government officials who may plead the affirmative defense of immunity. Accordingly, we find that plaintiffs are obligated to fulfill a heightened pleading requirement in this case.  Examining plaintiffs' complaint, the court finds that plaintiffs have not met such

_____

[12]Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007); Baker v. Putnal, supra; Elliot v. Perez, supra.

[13]424 U.S. 409 (1976).

[14]R. 1 at ¶¶ 6(A), (C), (T), 11(C).

[15]R. 1 at ¶¶ 6(C), (I).

[16]R. 1 at ¶ 9(A).

[17]R. 1 at ¶ 6(U).

requirement.  Plaintiffs' complaint pleads legal conclusions rather than facts and merely asserts violations of their constitutional rights.  While we are bound to view plaintiffs' complaint in a light most favorable to them, recent jurisprudence clearly indicates that we must balance this standard against the important function of prosecutorial immunity, dismissing claims which fail to raise entitlement to relief above the level of speculation.[18]

### Absolute Immunity

Under Imbler, as stated above, we find that defendants are entitled to absolute immunity from civil liability under 42 U.S.C. § 1983 because the actions complained of are within their traditional duties as prosecutors.  Moreover, we find that defendants are entitled to this same immunity with respect to any state law claims by plaintiffs under the Louisiana Supreme Court's ruling in Knapper v. Connick, which examined the traditional duties of prosecutors and applied the reasoning of Imbler.

Given plaintiffs' failure to plead facts with the requisite particularity and the absolute immunity to which defendants are entitled, the court finds that all claims under 42 U.S.C. § 1983 and Louisiana law should be dismissed with prejudice.

### 42 U.S.C. § 1981

Defendants' motion asserts that plaintiffs' complaint fails to state a claim for relief under § 1981 as to which relief may be granted.  42 U.S.C. § 1981 prohibits discrimination which impairs the right of any person to make and enforce contracts.[19]  Plaintiffs amended their complaint to add claims under this statute, but fail to allege any facts whatsoever in support of

---

[18]Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).

[19]Patterson v. McLean Credit Union, 491 U.S. 164 (1989).

such claims.  Not only do plaintiffs fail to assert the existence of contractual rights which were impaired, but they also fail to allege specific discrimination which was the cause of any impairment.  Under these facts, we find that plaintiffs have, indeed, failed to state a claim under 42 U.S.C. 1981 against defendants and all such purported claims should be dismissed with prejudice.

Conspiracy

"Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based.  Bald allegations that a conspiracy existed are insufficient."[20]  Defendants argue that any claims of conspiracy against them by plaintiffs should be dismissed for failure to adhere to this heightened pleading requirement.  The court agrees and finds that plaintiffs' complaint merely alleges the existence of a conspiracy between the district attorney's office and disciplinary counsel,[21] and provides no factual support for such a claim. All purported claims of conspiracy should be dismissed with prejudice.

42 U.S.C. § 2000e-2(a)(1)

As the court has noted above, we construe plaintiffs' invocation of "applicable Federal Civil Rights Statutes of the United States of America, which prohibit discrimination in the work place" as a purported claim under 42 U.S.C. § 2000e-(2)(a) which provides:

> "It shall be an unlawful employment practice for an employer --
>     (1) to fail or refuse to hire or to discharge any
> individual, or otherwise discriminate against any individual
> with respect to his compensation, terms, conditions, or
> privileges or employment, because of such individual's

_____

[20]Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991).

[21]R. 1 at ¶ 3.

6

> race, color, religion, sex, or national origin; or
>     (2) to limit, segregate, or classify his employees or applicants
> for employment  in any way which would deprive or
> tend to deprive any individual of employment opportunities
> or otherwise adversely affect his status as an
> employee, because of such individual's race, color, religion,
> sex, or national origin."

Plaintiffs do not allege, nor can we infer, that defendants were their employers within the meaning of this statute.  Accordingly, we find that plaintiffs have failed to state a claim against defendants under § 2000e-2(a) as to which relief may be granted and all such purported claims should be dismissed with prejudice.

## III.    CONCLUSION

The court has carefully reviewed plaintiffs' complaint and amendment thereto and finds that it pleads legal conclusions and asserts entitlement to relief while providing little if any factual support for such claims.  The complaint at issue fails to meet the heightened pleading requirements applicable to claims against government officials under 42 U.S.C. § 1983 and attendant claims of conspiracy.  We also find that, given the nature of plaintiffs' allegations in this matter, defendants are entitled to absolute prosecutorial immunity from claims under § 1983 and Louisiana law.  Plaintiffs have also failed to state a claim under 42 U.S.C. § 1981 because they have pled no facts in support of any claim for impairment of contract rights under that statute.  Lastly, plaintiffs have failed to state a claim under 42 U.S.C. § 2000e-2(a).  Accordingly, this court finds that defendants' motion should be GRANTED and that all claims against defendants should be dismissed with prejudice.

Alexandria, Louisiana
June _9_, 2008

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

7